T.C. Memo. 2004-11

UNITED STATES TAX COURT

GRACEANN BERRY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6951-02.                    Filed January 12, 2004.

Graceann Berry, pro se.

Timothy Maher, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent determined a $966 deficiency for petitioner's 1999 taxable year.  The deficiency is attributable, in substantial part, to the disputed issue of whether petitioner is liable for a 10-percent penalty for the early distribution of $9,514 from a qualified retirement plan.  There was also a small,

purely mathematical adjustment relating to petitioner's incorrect use of the tax tables in computing her tax.[1]

FINDINGS OF FACT

Petitioner was a resident of Miami, Florida, at the time of the filing of her petition in this proceeding. Petitioner timely filed a 1999 U.S. Individual Income Tax Return (Form 1040). On that return, petitioner reported taxable distributions from "pensions and annuities" in the amounts of $6,700 and $9,514, which resulted in an adjusted gross income of $16,214. Petitioner attached to the 1999 Form 1040 a Form 5329, Additional Taxes Attributable to IRAs, Other Qualified Retirement Plans, Annuities, Modified Endowment Contracts, and MSAs, indicating that $3,293.20 of the $6,700.00 distribution was for qualified medical expenses and excepted from the 10-percent additional tax for early distribution. Petitioner also contends that she attached a second Form 5329 to her return for 1999, seeking to except the $9,514 distribution from the 10-percent additional tax for early distribution from qualified retirement plans, but the copy of the 1999 return stipulated by the parties does not contain the Form 5329 with respect to the $9,514 taxable distribution.

---

[1] Petitioner presented no evidence and made no argument concerning the computational adjustment and, accordingly, respondent's determination on that item is sustained.

During February 1999, petitioner suffered illness from exposure to chemicals used to fumigate her leased living quarters. Petitioner reached agreement with her landlord to be released from her lease obligation in exchange for her releasing her landlord for any responsibility for her illness. On March 1, 2002, respondent timely issued a notice of deficiency to petitioner. In the notice of deficiency respondent determined that petitioner was liable for the 10-percent additional tax with respect to the $9,514 distribution.

## OPINION

Section 72(t)[2] imposes a 10-percent additional tax on early distribution from qualified retirement plans. There is no dispute about the distribution's being "early" and otherwise subject to the 10-percent additional tax. The question we consider is whether petitioner qualified for the exception from the 10-percent additional tax under section 72(t)(2)(B). That section provides for an exception from the 10-percent additional tax for distributions made to employees "to the extent such distributions do not exceed the amount allowable as a deduction under section 213 to the employee for amounts paid during the taxable year for medical care (determined without regard to whether the employee itemizes deductions for such taxable year)."

Respondent did not question petitioner's claim that

---

[2] All section references are to the Internal Revenue Code as amended and in effect for the period under consideration.

$3,293.20 of the $6,700.00 distribution was for qualified medical expenses and was an exception to the 10-percent additional tax due to early distribution.  In that regard, petitioner claimed a standard deduction of $4,300 on her 1999 income tax return. Presumably, respondent assumed that petitioner's medical deductions did not exceed the standard deduction and that the $3,293.20 amount claimed for exception from the additional tax was a feasible amount, which was less than the claimed standard deduction of $4,300.

At trial, petitioner described her illness during 1999, but she neither testified to nor provided evidence of the amount incurred for medical care during the 1999 year.  Her testimony with respect to the medical care expenses was vague.  Petitioner simply stated that the medical care expenses were large. Petitioner's testimony also included a very implausible explanation for why she did not have documentary evidence either showing that she attached the second Form 5329 (covering the $9,514 distribution) or the type and amount of medical expenses incurred for care during 1999.  We also note that petitioner's testimony was contradictory and selective as to her reasons for not having documentary evidence.  Petitioner claimed that she discarded her records because they had become besmirched by a sewage overflow 1 week prior to trial.  In spite of that claim, petitioner did provide the Court with some related documents. Petitioner's explanation regarding the supporting documentation

was questionable considering the fact that the documents she did provide to the Court would have been part of the documents she claimed to have discarded due to the alleged sewage problem.

Petitioner's argument must fail for failure to show that the amount that should be excepted under section 72(t)(2)(B) exceeded the amount allowed by respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>